IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01658-GPG

AUSTIN RAY,

    Plaintiff,

v.

MATTHEW GARTH, Special Agent,
FOURTEEN UNKNOWN AGENTS, and
DOES 1-100,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, a federal detainee housed in the State of Colorado, initiated this action by filing *pro se* a Prisoner Complaint, ECF No. 1, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, ECF No. 2. The Court has granted Plaintiff leave to proceed pursuant to § 1915.

    The Court must construe Plaintiff's Complaint liberally because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

    Because Plaintiff has been granted leave to proceed pursuant to the *in forma pauperis statute*, 28 U.S.C. § 1915, the Court must dismiss the action or any claims if the claims are frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. See *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Factual frivolousness includes allegations that are "clearly baseless," "fantastic," or "delusional." *Id.* For the reasons stated below, the Complaint and action will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff asserts that on April 6, 2010, federal IRS agents executed a search warrant at his place of business and seized all tax preparation equipment and related items. Plaintiff further asserts that between April 6, and 10, 2010, he was deprived of his property and denied a post-deprivation hearing. Plaintiff also asserts that because he was denied access to his property, which continued from April 6, 2010, until April 10, 2014, when he was first indicted under 18 U.S.C. § 371 and 26 U.S.C. § 7206(2), he was subjected to irreparable damage. Plaintiff contends that because he was unable to access his property (appears that the property Plaintiff is referring to is tax returns that he had prepared) to correct erroneous tax deductions within the three-year statute of limitations period for filing amended tax returns, he was indicted on charges related to these tax returns that were audited and found to contain errors.

Plaintiff further asserts a violation of his due process and equal protection rights because he was denied the opportunity to a post-deprivation hearing before his property interest was permanently impaired. Plaintiff also contends that he has a right to a hearing to present evidence, cross-examine adverse witnesses, and contest adverse findings regarding the deprivation of his property and is entitled to a notice and opportunity to be heard before the government deprives him of his property. Plaintiff seeks suppression of all evidence seized in *United States v. Ray, et al.*, No. 14-cr-00147-MSK-2 (D. Colo. Filed Apr. 10, 2014), and compensatory and punitive damages.

First, Plaintiff's request that this Court order suppression of the evidence seized on April 6, 2010, in Case No. 14-cv-00147-MSK-2, is improper. This Court further notes

that Plaintiff has filed a motion to suppress in his criminal proceeding, see, No. 14-cr-00147-MSK-2, ECF No. 153 at 2, which indicates he is aware of the proper manner to challenge the admission of evidence in his criminal proceeding.

Nonetheless, *ex parte* seizure of Plaintiff's property, which could be easily removed, concealed, or destroyed would frustrate the government's interest and creates a "special need for very prompt action," justifies the postponement of notice and hearing until after the seizure. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 678 (1974) (internal quotation marks and citation omitted).

Furthermore, to the extent that the tax returns are Plaintiff's property and Plaintiff has an entitlement to the documents he does not assert the documents are subject to being destroyed or forfeited at this time. Plaintiff's only claim is that he was unable to access the tax returns that were seized by the IRS to make corrections and evade the April 10, 2014 indictment. Plaintiff's argument is one to be made in his criminal proceeding not in a *Biven's* action. The Court, therefore, will dismiss this action as legally frivolous.

Counting this action, Plaintiff now has filed three civil actions challenging his pending criminal proceeding. *See Ray v. Moon, et al.* No. 15-cv-01556-LTB (D. Colo. Aug. 4, 2015) (dismissed because the claims presented in this case are at issue in plaintiff's criminal proceeding); *Ray v. Denham*, No. 15-cv-01012-LTB (D. Colo. July 7, 2015) (same issues were presented in applicant's criminal case and are pending resolution in that case). Plaintiff's continued filings border on being malicious and an abuse of the judicial process.

"[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is

frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." *See Winslow v. Hunter* (*In re Winslow*), 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati*, 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins*, 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow*, 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey*, 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati*, 878 F.2d at 353-54. Plaintiff is warned that if he continues to file civil actions in this Court challenging issues that are or should be addressed in his ongoing criminal proceeding the Court will consider filing restrictions or even sanctions against Plaintiff.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be

4

denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that Complaint and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED August 7, 2015, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court